**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  **Plaintiff/Respondent,**  v.  **BENNETT LAQUAN WILLIAMS,**  **Defendant/Petitioner.** | **Case No. 06-40058-JAR**  **Case No. 16-4154-JAR** |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Bennett Williams's Motion to Correct and Modify his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 52). The Government has responded (Doc. 56) and Petitioner has replied (Doc. 58). As explained below, Petitioner's motion is denied.

On August 8, 2006, Petitioner plead guilty to one count of possession with intent to distribute and dispense approximately 1973 grams of a mixture containing a detectible amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and to criminal forfeiture of a specifically identified vehicle.[1] Petitioner was sentenced to a term of sixty months' imprisonment, with four years of supervised release.[2] Petitioner has been released from custody and his supervised release jurisdiction was transferred to the District of Arizona on February 28, 2013.[3]

Petitioner asserts that he should be resentenced pursuant to the "President's Memorandum on new statutes on none violent [sic] offenses. Mandatory minimums should be comuted [sic] or reduced on drug offenses under new statutes on sentencing guidelines/2 point

---

[1] Doc. 31.
[2] Doc. 42.
[3] Doc. 50.

1

reductions being retroactive."  It appears that Petitioner refers to Amendment 782 to the Sentencing Guidelines, which reduces the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.[4]  This amendment became effective November 1, 2014, and applies retroactively.  Such a claim, however, is inappropriately raised in a motion brought pursuant to 28 U.S.C. § 2255.

Section 2255 permits a prisoner to contend that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[5]  It "does not encompass all claimed errors in . . . sentencing."[6]  If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error "resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'"[7]

Petitioner's sentence was neither unlawful nor a miscarriage of justice.  Rather, Congress specified that a district court must use the Guidelines Manual in effect at the time of sentencing.[8]  The fact that the Sentencing Commission subsequently changed the Guidelines range does not

---

[4]*See* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014).

[5]28 U.S.C. § 2255(a).

[6]*United States v. Addonizio*, 442 U.S. 178, 185 (1979).

[7]*United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)).

[8]*See* 18 U.S.C. § 3553(a)(4)(A)(ii), § 3553(a)(5)(B); *see also* U.S.S.G. § 1B1.11(a).

2

make the sentence unlawful or erroneous.[9]  Accordingly, the original sentence is lawful and not subject to collateral attack.[10]

Instead, the governing statute and the Sentencing Guidelines establish a mechanism for application of a post-sentencing substantive change to the Guidelines in 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  The Sentencing Commission is given the authority to determine whether and to what extent a Guidelines change may be retroactively applied.  If a defendant is eligible under those terms for a sentencing reduction, the sentencing judge has discretion to decide whether to grant a reduction.[11]  Even if construed as a request for reduction of sentence under § 3582(c)(2), however, Petitioner is not eligible for a two-level reduction under Amendment 782 because he is no longer serving the sentence of imprisonment previously imposed.[12]  Petitioner's motion for relief requesting consideration of a reduced sentence under Amendment 782 is denied.

*Certificate of Appealability*

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has

---

[9]*See, e.g., United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) ("The district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice."); *Hamilton v. United States*, 67 F.3d 761, 763–64 (9th Cir. 1995).

[10]Alternatively, Petitioner's § 2255 petition is untimely, as it was filed long after the close of the one-year limitations period found at 28 U.S.C. § 2255(f).  Even assuming his claims were equitably tolled until Amendment 782 became retroactive on November 1, 2014, his § 2255 motion is nonetheless untimely as it was filed September 22, 2016, more than one year after the date the amendment became retroactive.

[11]*Dillon v. United States*, 560 U.S. 817, 826 (2010).

[12]*See* U.S.S.G. § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).").

made a substantial showing of the denial of a constitutional right."[13]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[14]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[15]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[16]  For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.  The Court notes, however, that there is no such requirement for a COA with respect to its ruling denying Petitioner's request under § 3582(c)(2).

**IT IS SO ORDERED.**

Dated: December 1, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[14] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[15] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[16] *Id.* at 336; s*ee also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).